Judoe Mills
delivered the opinion.
Heath’s, executors recovered a judgment on motion, in. the court helow, against M’Dowell, the plaintiff in error, for money paid by their testator as security for M’Dowell, Tobe relieved against this judgment, M’Dowell filed this bill with injunction, claiming that Heath, the testator, in his life time, and before the payment of the money as his security, on which the judgment at law is founded, was indebted to him in two items equal to the judgment: That one of these items was Heath’s.proportion of a note given jointly by him and lleath to a certain John N'chols, of which Heath was fo pay two thirds, and he, M’Dowell,one *223 third: Rut Heath paid no part of it, and he had to pay the whole himself, which created a demand against Heath for two third* of it. That the other item of debt was thus Created: M’Dowell, as deputy sheriff, sold a mare of some person under execution, and Heath became the purchaser, and did not pay the money down, but promised him to pay it in a few days, or to pay it to the plaintiff in the execution, and produce his receipt; both of which he failed to do, and he, M’Dowell, had to pay the money to the plaintiff ash* was bound to do, whereby Heath became indebted the price bf the mare. He further suggests, that at the time Heath paid the money, as his security, for which the judgment at law was recovered, it was allowed by Heath in payment ofthe aforesaid demands, and designed to discharge them.— The executors negative each of these allegations, and rely bn the staleness of the transactions and the statute of limi» tations, and plead their judgment in bar thereof
A demaná redCbj*timé at law, will not be aided ⅛" «⅞11’11/"
decree, the defendant in error vriilnot made d;f,*dt the C0Uit *iwe.
£ik!¡ for appellant,
The circuit court dissolved the injunction and dismissed the bill. To reverse this decision the writ of error is prosecuted.
The proof wholly fails to shew that the advancement of money by Heath, as the security of the plaintiff in error, was done as a pay ment of the debts claimed in the bill; flor does the proof conduce to shew an agreement to discount them. The transactions have necessarily no connection with each other, and the failure of proof of such agreement, cuts off the main ground for relief in a court of equity, when the remedy at law is at hand, except so far as bne of these claims, to wit, that arising from Nichols’s note, partakes of an equitable nature. That arising out of a partnership transaction, would furnish ground for the interposition of a court of equity. Cut the plea of the statute of limitations must bar relief on this ground. The ¡iroof indubitably shews, that the bar had doubly attached before the exhibition of the complainant’s bill, and no circumStance is shewn excusing the neglect and laches of the plaintiff iti error, and calculated to prevent equity from following the law in this case, as it does in similar transactions.
We therefore conceive that the decision of the circuit court is correct, and must be affirmed, but without costs, as the defendants in error have made default in this court.